UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SANDRA MILLER, INDIVIDUALLY
AND ON BEHALF OF DECEDENT,                    CIVIL ACTION
HAROLD MILLER

VERSUS                                         23-327-SDD-SDJ

CHEVRON USA, INC., et al.

## RULING

This matter is before the Court on a *Motion to Dismiss for Improper Venue*[1] filed by Defendants Marathon Oil Company, Devon Energy Production Company, L.P., and Chevron USA, Inc. ("Defendants"). Plaintiff, Sandra Miller, Individually and on behalf of decedent Harold Miller ("Plaintiff"), filed an *Opposition*,[2] to which Defendants filed a *Reply*.[3] For the reasons addressed herein, the Court GRANTS the *Motion to Dismiss for Improper Venue* filed by Defendants.

**I.    BACKGROUND**

On April 28, 2023, Plaintiff, a resident of Acadia Parish, filed this action in the Middle District of Louisiana both individually and on behalf of decedent Harold Miller.[4] In the *Complaint*, Plaintiff alleges that Harold Miller was exposed to "dangerous levels of radiation" while working with production equipment in various pipe yards that contained NORM ("Naturally Occurring Radioactive Material").[5] She alleges that the named Defendants used this production equipment in their oil and gas production operations, contributing to Miller's exposure to NORM and subsequent injuries. Plaintiff provided a

---

[1] Rec. Doc. 15.
[2] Rec. Doc. 32.
[3] Rec. Doc. 33.
[4] Rec. Doc. 1.
[5] *Id.* at p. 4.

list of pipe yards wherein Miller worked—none of which are located within the Middle District of Louisiana.[6]

## II. MOTION TO DISMISS FOR IMPROPER VENUE

Defendants contend that the Middle District of Louisiana is an improper venue for this litigation. Defendants argue that they are not Louisiana residents and none of the events described in the *Complaint* occurred within the geographic limits of the Middle District of Louisiana.[7] Accordingly, Defendants move the Court to dismiss Plaintiff's *Complaint*.[8]

In response, Plaintiff argues that Defendants are residents of the Middle District of Louisiana and the venue is proper under 28 U.S.C. § 1391(b).[9] Plaintiff reasons that Defendants are residents because Defendants are subject to personal jurisdiction due to the location of their registered corporate offices and agents for service of process located within the Middle District of Louisiana.[10] Plaintiff opposes the *Motion to Dismiss* and, in the alternative, asks the Court to transfer this matter to the Eastern District of Louisiana under 28 U.S.C. § 1404(a).[11]

## III. LAW AND ANALYSIS

A defendant may move to dismiss a case for improper venue pursuant to the Federal Rules of Civil Procedure Rule 12(b)(3). When ruling on a motion to dismiss for improper venue, a court "must accept as true all allegations in the complaint and resolve

---

[6] *Id.* at p. 3. The various pipe yards listed were located in the Parishes of Terrebonne, Jefferson, St. Mary, Plaquemines, Jefferson Davis, and Vermillion.
[7] Rec. Doc. 15-1, p. 3.
[8] Rec. Doc. 15-1, p. 1.
[9] Rec. Doc. 32.
[10] Rec. Doc. 32.
[11] Rec. Doc. 32.

all conflicts in favor of the plaintiff."[12] A court should generally dismiss a case wherein venue is improper.[13] However, a court may transfer a case to a proper venue if such transfer would serve the interest of justice.[14] However, where a "plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper, courts often dismiss rather than transfer."[15]

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[16]

### A. Venue through Residence

A corporation is considered a resident in any district "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."[17] Courts may assert personal jurisdiction over a defendant through general personal jurisdiction or specific personal jurisdiction.[18]

A court may assert general personal jurisdiction in the state where the defendant is "essentially at home."[19] A corporate defendant is essentially "at home" in two paradigm forums: (1) the corporation's place of incorporation and (2) its principal place

---

[12] *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x. 612, 615 (5th Cir. 2007).
[13] *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022).
[14] 28 U.S.C. § 1406(a).
[15] *Seville*, 53 F.4th at 894.
[16] 28 U.S.C. § 1391(b).
[17] 28 U.S.C. § 1391(d).
[18] *Seville,* 53 F.4th at 895.
[19] *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011).

of business.[20] A corporation being registered to do business in a state is not sufficient to assert general jurisdiction.[21] In "exceptional cases," the exercise of general jurisdiction is appropriate because a corporate defendant's operations are "so substantial and of such a nature as to render the corporation at home" in the forum state, but it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."[22] A court may assert specific jurisdiction when the pending lawsuit arises from or relates to the defendant's contacts with the forum.[23] Courts apply a three-prong analysis, considering: (1) whether the defendant has minimum contacts with the state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[24]

Defendants include Marathon Oil Company, Devon Energy Production Company, Chevron USA, ConocoPhillips Company, and Exxon Mobil Corp. Plaintiff concedes that each of these defendants are foreign corporations that would not meet the definition of a resident in this district under 28 U.S.C. § 1391(b)(1).[25] Instead, Plaintiff points to the fact that each of these defendants have designated a registered agent and business office in Baton Rouge, Louisiana, as grounds for establishing personal jurisdiction. However, the Fifth Circuit has long established that compliance with Louisiana's requirement to register an office and agent to do business in Louisiana is not sufficient to establish general personal jurisdiction.[26] Plaintiff also offers no reason that this might be "the

---

[20] *Seville*, 53 F.4th at 895; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).
[21] *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181–82 (5th Cir. 1992).
[22] *Seville*, 53 F.4th at 895.
[23] *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020).
[24] *Seville,* 53 F.4th at 895–96.
[25] Rec. Doc. 32, p. 3.
[26] *Wenche*, 966 F.2d at 181–82.

exceptional case" where Defendants' activities in Louisiana are so substantial as to render it at home there. Additionally, all parties agree that the alleged incidents from which the cause of action arose occurred outside the Middle District of Louisiana and mostly within the Eastern District of Louisiana.[27] Thus, the Plaintiff's cause of action does not arise out of or relate to the Defendants' forum-related contacts of holding a Louisiana office and agent within the Middle District. Defendants are not subject to general personal jurisdiction in the Middle District of Louisiana, nor are they subject to specific personal jurisdiction here either.

### B. Venue through Events

Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.[28] Plaintiff alleges that the events occurred in numerous Parishes, including the Parishes of Terrebonne, Jefferson, St. Mary, Plaquemines, Jefferson Davis, and Vermillion—none of which are located within the Middle District of Louisiana.[29] Because no events listed in the *Complaint* are located within the Middle District, Plaintiff cannot establish venue here under 28 U.S.C. § 1391(b)(2).[30]

### C. Dismissal or Transfer of Venue

Plaintiff requests that this matter be transferred to the Eastern District of Louisiana should the Court deem venue improper in the Middle District. "Where venue is improper, the district court should generally dismiss the case. But the court retains

---

[27] Rec. Doc. 32, p. 3; Rec. Doc. 15-1, p. 3.
[28] 28 U.S.C. § 1391(b).
[29] Rec. Doc. 1, p. 3.
[30] *See generally* Rec. Doc. 1. Additionally, venue is not proper in the Middle District under 1391(b)(3) because there is another district in which an action may otherwise be brought, namely the Eastern District of Louisiana.

discretion to transfer it to a proper venue if such a transfer would serve 'the interest of justice.'"[31] Relevant considerations for determining whether transfer is in the interest of justice include the plaintiff's reasons for filing suit in the improper district in the first place.[32] Courts often dismiss the case rather than transfer where a "plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper" due to the understanding that "similar conduct should be discouraged."[33] This is true even if the dismissal means the plaintiff will be time barred from filing again in a proper venue.[34]

      Here, it is evident from the face of the complaint that venue is not proper in the Middle District of Louisiana. Plaintiff could have determined that this was the wrong venue through research of personal jurisdiction instead of assuming that Defendants are subject to personal jurisdiction because they have offices and agents for service located within the Middle District.[35] While the events at issue in the *Complaint* appear to have occurred mostly in the Eastern District, Plaintiff provides no reason as to why a transfer to that venue would be in the interest of justice. Rather, Plaintiff only asserts that a transfer is warranted because her claims may be subject to prescription should they be dismissed.[36] This is insufficient to warrant a transfer of venue. Accordingly, the *Motion to Dismiss* shall be granted.

---

[31] *Seville*, 53 F.4th at 894 (5th Cir. 2022).
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] Rec. Doc. 32, p. 3.
[36] *Id.*

## IV. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss for Improper Venue*[37] filed by Defendants Marathon Oil Company, Devon Energy Production Company, L.P., and Chevron USA, Inc. is hereby GRANTED, and Plaintiff Sandra Miller's claims are hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 6, 2024</u>.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. 15.